**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | | |
| **v.** | : | **Case No. 2:24CR-074** |
| | | |
| **LAJUANA A. KELLEY** | : | **CHIEF JUDGE MORRISON** |

<u>**GOVERNMENT'S SENTENCING MEMORANDUM**</u>

Defendant Kelley is scheduled for sentencing on January 28, 2025.  For the reasons that follow, the United States requests that a term of imprisonment of time served be imposed.  Such a sentence is both reasonable and appropriate, as well as legally supported by the circumstances of this case.

This offense arose after DEA had obtained a federal complaint and arrest warrant for drug defendant Charles Allen on November 30, 2023 (unbeknownst to him).  On December 7, 2023, while the defendant Kelley was working as a custodian at the Franklin County Sheriff's SWAT office, she took photographs of investigative documents including the arrest warrant for Allen and shared them via her phone with Allen's girlfriend.  Investigators were then surprised the following day when an attorney for Allen reached out and began negotiating his self surrender despite no one from law enforcement having notified Allen (nor his attorney) that he had been charged.  Allen subsequently failed to turn himself in and was a fugitive from law enforcement for 48 days before his arrest.

The U.S. Probation Officer determined that defendant Kelley should have an initial offense level of 14 based upon her guilty plea on July 8, 2024 for obstructing an official

1

proceeding. There is no objection to this finding.  The Probation Officer also found that Kelley should receive a three-level enhancement pursuant to U.S.S.G. § 2J1.2(b)(2) if the offense resulted in "substantial interference with the administration of justice" and the government agrees with this determination.  Counsel for Kelley has objected to this enhancement suggesting that her misconduct didn't have "any influence on Mr. Allen's decisions or actions".  To the contrary, it was Kelley's communication that notified Allen for the first time that he was wanted and that there were plans for his arrest.  His fugitive status led to an unnecessary expenditure of substantial government resources both in locating Allen and determining the source of the leak. The objection should be denied.

The parties have agreed that Kelley is entitled to a three-level reduction for acceptance of responsibility (this reduction will only be two levels if the above defense objection is sustained). Kelley has a criminal history category of V which combined with her final offense level of 14 results in a sentencing range of 33-41 months.

While the federal Sentencing Guidelines are no longer mandatory, United States v. Booker, 543 U.S. 220 (2005), the Guidelines should still be "the starting point and initial benchmark" in determining a sentence. United States v. Bolds, 511 F.3d 568, 579 (6th Cir. 2007) (quoting Gall v. United States, 552 U.S. 38, 49 (2007)). Ultimately, a sentence must be reasonable. United States v. Jackson, 408 F.3d 301, 304 (6th Cir. 2005) (citing Booker, 543 U.S. at 260). Specifically, the length of a sentence "must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary to comply with the purposes of §3553(a)." United States v. Vowell, 516 F.3d 503, 512 (6th Cir. 2008)(internal quotations omitted). The factors listed in 18 U.S.C. §3553(a) include, but are not limited to:

(1)    the nature and circumstances of the offense and the history and characteristics of
        defendant;
(2)    the need for the sentence imposed--
        (A)    to reflect the seriousness of the offense, to promote respect for the law,
                and to provide just punishment for the offense;
        (B)    to afford adequate deterrence to criminal conduct;
        (C)    to protect the public from further crimes of the defendant; and
        (D)    to provide the defendant with needed educational or vocational training,
                medical care, or other correctional treatment in the most effective manner.

In the instant case, the undersigned believes the nature and circumstances of the offense and the history and characteristics of the defendant are the prevailing and most important §3553(a) factors relevant to the sentencing of defendant Kelley.

By taking away the element of surprise from law enforcement seeking to execute an arrest, Kelley's clandestine communication could have had devastating effects.  Luckily, that did not happen and it is clear that the defendant never contemplated the potential danger her actions could have caused.   Defendant's criminal history is also concerning, she had nine convictions that did not score any criminal history points and yet she still qualified as a category V based upon other convictions including two Robberies and five OVIs.  However, to her credit, defendant Kelley has apparently done well on Pretrial supervision for the last nine months after being released in the instant case.  The undersigned is heavily relying on this post-release behavior in making a sentencing recommendation.

Defendant Kelley's background provides much insight into the poor choices she has continued to make.  Her childhood was marred by an absent Father and drug addicted Mother who was later murdered.  Children's Services was regularly involved with her and the defendant was placed in foster care and never formally adopted.  Kelley left school early without any degree and her early years of adulthood predictably resulted in ongoing criminal activity.  The defendant also suffers from both mental health issues as well as substance abuse (primarily

alcohol) and will need to continue to engage in treatment. Defendant has been a single Mother (due to the incarceration of her daughter's Father since 2013) and she herself has served several years of imprisonment. Despite these challenges, it appears her daughter is thriving and achieving good grades while pursing a college career in Nursing. Ms. Kelley now provides significant financial and emotional support for her daughter.

While the instant offense is serious and caused significant disruption to law enforcement, several factors apply in mitigation for this defendant. She did the notification spontaneously, not for any kind of payment and not in response to any requested favor. Further, she suffered the loss of her steady employment yet continued to cooperate with investigating authorities and truthfully admitted her involvement. Likewise, if fugitive Charles Allen had immediately turned himself in as arranged by his attorney, it is likely no further investigation would have ensued nor would Kelley's disruptive tip been uncovered. Kelley's impulsive decision to notify a friend of confidential information she stumbled upon at work has caused her to serve a month in jail and earn a federal felony conviction. The isolated nature of this spontaneous act is also a significant mitigating 3553(a) factor.

Consistent with all of these facts and in consideration of the applicable 18 U.S.C. §3553(a) factors, the United States recommends a sentence of imprisonment of time served be imposed (approximately one month). This sentence would also be reasonable under the rationale of Booker, 543 U.S. 220 (2005); United States v. Henry, 545 F.3d 367, 385 (6th Cir. 2008).

## **Conclusion**

Based upon the foregoing, the United States submits that the defendant's offense level and criminal history categories should be an offense level of 14, criminal history category V, with a sentencing range of 33-41 months. Considering the sentencing factors set out in 18 U.S.C. §3553(a), including the need to provide just punishment for the offense, afford adequate deterrence to criminal conduct, and promote respect for the law, the United States requests that defendant Lajuana Kelley be sentenced to a term of imprisonment of time served (approximately one month).

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

s/Kevin W. Kelley
KEVIN W. KELLEY  (0042406)
Assistant United States Attorney

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing Government Sentencing Memorandum was served this 20th day of January 2025, via the Court's electronic filing system (ECF) on counsel for defendant, Frederick Benton.

<u>s/Kevin W. Kelley</u><br>
KEVIN W. KELLEY<br>
Assistant U.S. Attorney

6